NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DAVID CRESPO, : <br> : <br> Defendant. : | Crim. No. 13-00428 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant David Crespo's Emergency Motion for Compassionate Release under the First Step Act and Appointment of Counsel (ECF No. 152), Supplemental Motion for Compassionate Release under the First Step Act (ECF No. 155), Motion for Appointment of Counsel (ECF No. 160), Emergency Supplement to Motion for Compassionate Release under the First Step Act and Appointment of Counsel (ECF No. 161), Emergency Motion for Telephonic Hearing (ECF No. 171), and Renewed Motion to Appoint Counsel (ECF No. 172). For the reasons set forth below, Defendant's Motions are **DENIED**.

I. BACKGROUND

A. Factual Background

Defendant David Crespo is an inmate in federal custody at United States Penitentiary (USP) Canaan. (ECF No. 158). On November 24, 2014, Mr. Crespo pleaded guilty to one count of an Indictment charging him with conspiring to distribute more than 500 grams of methamphetamine. (ECF Nos. 56, 107). On November 19, 2015, Defendant was sentenced to

1

120 months in prison, to run consecutively to any other federal sentence being served, followed by five years of supervised release. (ECF Nos. 106, 107).

At some point prior to November 2021, Defendant allegedly submitted a request for compassionate release to the Federal Bureau of Prisons (BOP), which was apparently denied. (ECF No. 152 at 1, 5). On November 29, 2021, Defendant filed a motion with this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based, *inter alia*, on various medical and mental health conditions. *See* (ECF No. 152). Since then, Defendant has submitted numerous additional motions and letters in support of his motion for compassionate release. (ECF Nos. 155, 159, 161, 162, 164, 165, 166, 167, 169, 170, 171). He has additionally requested that the Court appoint counsel to assist him in this matter. (ECF Nos. 152, 160, 161, 172). The United States opposes Defendant's request for compassionate release. (ECF No. 157).

## II. LEGAL STANDARD

### A. Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in

sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. Before bringing a motion for reduced sentence on their own behalf, a defendant "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (quoting *United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of

3

the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Mr. Crespo represents that he sought compassionate release from the warden for USP Coleman,[1] which was denied. (ECF No. 152 at 1, 5). The United States concedes that Mr. Crespo has exhausted the requisite administrative remedies. (ECF No. 157 at 4). Even presuming that the exhaustion requirement has been met here, it is not clear from the information available to the Court what bases for compassionate release Mr. Crespo presented to the BOP in his request for release. As such, the Court cannot ascertain whether the BOP had the first opportunity to

---

[1] Defendant currently being housed at USP Canaan. (ECF No. 158).

4

consider each of the arguments—particularly those arguments pertaining to Defendant's various medical conditions—that Defendant puts forth in his motions to this Court.

Nonetheless, because the United States does not argue that Mr. Crespo has failed to exhaust his remedies, the Court will proceed to the merits of Mr. Crespo's motion. Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional prerequisite. *See United States v. Banks*, Crim. No. 21-2674, 2022 WL 832049, at *2 (3d Cir. 2022) ("Section 3582(c)(1)(A)'s exhaustion requirement is generally considered a 'mandatory claim-processing rule.'" (citation omitted)); *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022) (holding that Section 3582(c)(1)(A)'s "exhaustion requirement is not a jurisdictional limitation: as several circuits previously have held, it is a non-jurisdictional claim-processing rule." (citing *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021)). "[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)); *United States v. Fields*, 569 F. Supp. 3d 231, 236 (E.D. Pa. 2021) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited."); *see also United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *2 (D.N.J. Apr. 27, 2022) ("Based on Defendant's representation and the lack of dispute by the Government, the Court will accept that Defendant has exhausted his administrative remedies for the purposes of analyzing this motion."). Since the Government does not contest exhaustion here, the Court turns its focus to the second step of the analysis.

### B. Extraordinary and Compelling Reasons

Mr. Crespo asserts that the COVID-19 pandemic, in combination with his hypertension, obesity, mental health conditions, facial cyst, and occipital lipoma, constitute extraordinary and

compelling circumstances warranting compassionate release. (ECF Nos. 152, 155, 159, 160, 161, 164, 171). He also claims that the BOP has been providing him with inadequate healthcare treatment for his various medical conditions.[2] (ECF Nos. 155, 159, 160, 162, 165, 166, 167, 170, 171, 172). The Court finds that Mr. Crespo has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants in this Circuit who successfully move for compassionate release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

As an initial matter, Defendant has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at USP Canaan. There are no active cases of COVID-19 at USP Canaan among inmates and only three active cases among staff currently. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited August 16, 2022). Additionally, 209 staff members and 1,283 inmates at USP Canaan have been fully vaccinated against COVID-19 to date, and inmates have been offered booster shots. *Id.* The vaccination of inmates and staff greatly reduces the risk of COVID-19 exposure and infection within the facility. *See United States of America v. Martinez*, Crim. No. 16-503, 2022 WL

---

[2] In addition to the numerous pending motions, (ECF Nos. 152, 155, 160, 161, 171, 172), the Court has also considered the extensive supplemental submissions that Defendant has filed on the docket in this matter, (ECF Nos. 159, 162, 164, 165, 166, 167, 168 169, 170). Some of Defendant's arguments in these supplemental documents are meritless or inappropriate in a motion for compassionate release and further discussion is not warranted.

1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison.").

Nor has Mr. Crespo established that the risks he faces from COVID-19, in light of his individual medical conditions and circumstances, are so extraordinary and compelling as to justify compassionate release. As Mr. Crespo is fully vaccinated against COVID-19, (ECF No. 157, Ex. E), he is substantially protected from COVID-19 infection and, in the case of another breakthrough infection, from severe symptoms, *see United States v. Williams*, Crim. No. 11-00421-1, 2022 WL 950994, at *2 (D.N.J. Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract COVID-19 and become seriously ill.'" (citation omitted)) (collecting cases). The Third Circuit has recognized in an unpublished decision that "[g]iven vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is 'unable to receive or benefit from a vaccine' or that he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" *United States v. Estevez-Ulloa*, Crim. No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) (citing *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)). Mr. Crespo has not made this showing here. For the sake of completeness, however, the Court will discuss each of Mr. Crespo's asserted medical conditions in turn[3].

First, Mr. Crespo's hypertension and obesity do not place him at a uniquely high risk of suffering grave illness if he contracts COVID-19, particularly given his vaccination status. Though hypertension and obesity may raise the risk of severe illness due to COVID-19, *Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION,

---

[3] The Court considers each asserted medical and mental health condition on its own as well as in combination with Mr. Crespo's other conditions.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2022), courts have consistently found that the fact that an inmate may be at heightened risk from COVID-19 due to hypertension and obesity is insufficient, without more, to constitute an "extraordinary and compelling" reason warranting compassionate release, *see, e.g.*, *United States v. Garrett*, Crim. No. 18-125, 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) *aff'd*, No. 22-2129, 2022 WL 3226615 (3d Cir. Aug. 10, 2022) ("As to weight and hypertension, courts have generally found that those do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions.") (collecting cases); *United States v. Womble*, Crim. No. 13-507, 2022 WL 1500957, at *1 (D.N.J. May 11, 2022) (concluding that an inmate's obesity, hypertension, and type-two diabetes were not "extraordinary and compelling reasons" for compassionate release); *United States v. Johnson*, Crim. No. 18-578-01, 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022) (collecting cases).

Second, Mr. Crespo's mental health conditions—including anxiety, depression, suicidal ideation, and bipolar disorder—also do not constitute "extraordinary and compelling" reasons for early release.[4] The CDC recognizes that certain mental health conditions, like mood disorders, may increase the risk of severe COVID-19 infection, *see Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2022). However, many of Defendant's arguments pertaining to his mental health have to do with his ability to withstand prison conditions generally, *see* (ECF No. 152 at 3); (ECF No. 160 at 3–5), which this Court

---

[4] Mr. Crespo alleges that he suffers from antisocial personality disorder as well but provides no explanation as to how this condition increases his risk of severe illness from COVID-19. (ECF No. 152).

8

took into consideration when sentencing Defendant in 2015.[5] *See* Presentence Report ¶¶ 70–74 (Nov. 11, 2015); *cf. United States v. Thomas*, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("It was within the Court's discretion when weighing the § 3553(a) factors to find that [the defendant's] mental health concerns do not support an early release, especially because it already considered the same concerns when it initially sentenced [the defendant]."). As to Defendant's allegation that his ability to access mental health services have been restricted due to COVID-related lockdowns, *see* (ECF No. 152 at 3), Defendant's medical records of as May 2022 indicate that he has had consistent access to medication for his various mental health conditions while incarcerated. *See United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *3 (D.N.J. Apr. 27, 2022) (finding that the defendant's bipolar disorder, depression, and anxiety did not constitute extraordinary and compelling reasons for compassionate release given the defendant "seems to be managing his conditions effectively at FCI Danbury"). While the Court has no doubt that the lockdown conditions were very challenging for Defendant, the Court does not find that the current conditions at USP Canaan are such that compassionate release in warranted. *See United States v. Ali*, Crim. No. 11-00752, 2022 WL 3357915, at *4 (D.N.J. Aug. 15, 2022) (noting, with respect to a defendant's mental health conditions, "the fact that that Defendant has experienced strict lockdowns because of COVID-19 is not a reason that justifies compassionate release").

Third, with respect to the mass in Defendant's neck, *see* (ECF No. 155, Ex. A); (ECF No. 157 at 8–10); (ECF No. 157, Exs. B–D), neither party has provided the Court with a particularly clear understanding of Mr. Crespo's evolving condition. It appears from the medical records

---

[5] Defendant's allegations of experiencing assault, rape, and gang violence while in BOP custody are extremely disturbing. *See* (ECF No. 160 at 4–5); (ECF No. 169 at 8). "But a motion in a criminal case is not the proper avenue to address allegations of improper treatment within a jail or prison." *United States v. Greene*, Crim. No. 06-312, 2022 WL 3354745, at *4 (D.D.C. Aug. 12, 2022).

9

provided to the Court that Mr. Crespo has an occipital lipoma or benign lipomatous neoplasm, *see, e.g.*, (ECF No. 157, Exs. B–D), though tests to diagnose and treat the mass are apparently ongoing.[6] Mr. Crespo asserts that the mass is causing him pain, severe headaches, and blurred vision. *See* (ECF No. 170 at 1); (ECF No. 169 at 2). He further contends that the BOP is neglecting his medical care with respect to this condition, citing his cancelled surgery to remove the mass to support this claim. *See* (ECF Nos. 169, 170, 171).

Regardless of Mr. Crespo's precise diagnosis, the Court has obtained no medical documentation indicating that the mass is cancerous or otherwise terminal.[7] *See United States v. Adens*, Crim. No. 12-616-2, 2022 WL 1226965, at *4 (E.D. Pa. Apr. 26, 2022) ("[I]t does not appear that [the defendant] presents cancer or another terminal condition. Regardless, medical diagnosis is not the Court's province, nor should it be. A prisoner's hypothetical concerns about the possibility of cancer do not provide a compelling or extraordinary reason for compassionate release."). Even if the Court were to presume that the mass has the potential to become cancerous, the analysis here would not change. *United States v. Gonzalez*, Crim. No. 02-446-01, 2021 WL 1088258, at *3 (E.D. Pa. Mar. 22, 2021) (denying a criminal defendant's motion for compassionate release in part because "[a]lthough [the defendant] claims that a nodule in his left lung is 'being monitored for cancer,' he cites no portion of his medical records, and the Court has found none, stating that this nodule is cancerous"). If, in the future, Defendant receives a new

---

[6] According to Mr. Crespo's updated medical records, the prison's General Surgeon recommended excision of the mass on Mr. Crespo's neck in April 2022 but later cancelled the surgery because the surgeon could not locate a mass to be removed in Defendant's neck at that point in time. Subsequent medical updates provided by the BOP to this Court via email indicate that an ultrasound revealed Defendant in fact has two small nodules in his neck and that the general surgeon is reviewing Defendant's latest medical reports to decide next steps.

[7] Mr. Crespo asserts that "the outside Doctor/General Surgeon from the hospital near the prison institution opined that defendant's fatty tumor is more than likely cancerous...." (ECF No. 161 at 1–2); (ECF No. 164). This assertion is not supported by Defendant's medical records, and the Court has not received any additional evidence to substantiate his claim that the mass is likely cancerous. This analysis also applies to the cyst on Defendant's nose, which he also claims is/could be cancerous. (ECF No. 160 at 5).

10

diagnosis that may warrant compassionate release, he may submit a new request for release to the Bureau of Prisons on that basis.

Further, though some "[c]ourts have ... found that 'grossly inadequate treatment' for a defendant's medical condition in BOP custody, including delays in treatment, may qualify as an extraordinary and compelling reason for compassionate release[,]" *United States v. Derentz*, Crim. No. 15-418, --- F. Supp. 3d ----, 2022 WL 2192931, at *2 (E.D. Pa. June 17, 2022); *United States v. Verasawmi*, Crim. No. 17-254, 2022 WL 2763518, at *7 (D.N.J. July 15, 2022) (same), it does not appear that Mr. Crespo has received "grossly inadequate treatment" while in custody. Mr. Crespo's medical records indicate that the BOP has provided Mr. Crespo with medication, multiple CT scans, and promptly scheduled surgery to remove the mass, *see, e.g.*, (ECF No. 157 at 9, Exs. B-D), (ECF No. 155, Ex. A), undermining Mr. Crespo's allegation that the BOP cannot, or will not, provide him with adequate medical treatment, *see United States v. Martinez*, Crim. No. 10-233, 2022 WL 1089671, at *3 (W.D.N.Y. Apr. 12, 2022) ("The Bureau of Prisons has consistently provided treatment, sent [the defendant] to specialists, scheduled him for medical procedures, and worked to address his complaints. Whether there has been negligence, misdiagnosis, or simple disagreement over proper treatment, nothing in the record demonstrates that [the defendant] is receiving medical treatment so inadequate as to warrant his release, particularly given the severity of his criminal conduct and the length of the sentence imposed."); *see also United States v. Hill*, Crim. No. 17-96, 2020 WL 4480913, at *5 (M.D. Pa. Aug. 4, 2020) (denying a motion for compassionate release where "[t]he information available to the court suggests that the BOP is cognizant of and attentive to [the defendant's] medical needs").

The Court does not wish to minimize Mr. Crespo's concern for his well-being or seriousness of the COVID-19 pandemic for those in custody. However, Mr. Crespo has failed to

demonstrate that his circumstances warrant release. He has not shown that he is at a uniquely high risk for severe illness from COVID-19, nor has he proven that there is currently an actual risk of exposure at USP Canaan. He has also failed to show that his medical conditions provide an independent basis for compassionate release. And while commendable, Mr. Crespo's rehabilitative efforts do not move the needle here. *Garrett*, 2022 WL 1617679, at *3 ("[A] defendant's rehabilitation 'is not, by itself, an extraordinary and compelling reason.'" (citing U.S.S.G. 1B1.13, Application Note 3)).

In reaching this conclusion, the Court also considered a letter submitted by Mr. Crespo's mother, Sara Crespo, asking for Mr. Crespo's release so that he may help care for his children and various elderly family members. *See* (ECF No. 168). Notably,

> The Sentencing Guidelines policy statement provides two family circumstances as those that may qualify as 'extraordinary and compelling reasons' for release: (1) 'death or incapacitation of the caregiver of the defendant's minor child or minor children' and (2) 'incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.'

*Adens*, 2022 WL 1226965, at *4 (citing U.S.S.G. § 1B1.13 app. n.1(C)).

Though the Court is sympathetic, the need to care for elderly family members is not an extraordinary or compelling reason for release. *United States v. Pizzo*, Crim. No. 19-298, 2022 WL 1045235, at *3 (E.D. Pa. Apr. 7, 2022) (holding that the defendant's "desire to care for his elderly mother is not enough to warrant the extraordinary remedy he seeks."). As to Mr. Crespo's children, it does not appear that their mother is unable to care for them or that other caregivers are not available. *See United States v. Rooks*, No. 22-1332, 2022 WL 2964805, at *2 (3d Cir. July 27, 2022) ("Even if we were to assume for the sake of argument that Williams is unable to care for her and [the defendant's] child, we would find no error in the District Court's conclusion that [the defendant's] motion cannot prevail because he has failed to establish that certain family

members, including his grandmother, his mother, and some of his siblings, are unable to serve as a caregiver for the child."); *see also United States v. Jones*, Crim. No. 13-252, 2021 WL 1060218, at *11 (W.D. Pa. Mar. 18, 2021) (denying compassionate release in part because the defendant did "not assert that any of his six children are without a caregiver and, thus, need his care"). Though challenging, Mr. Crespo's family circumstances do not warrant release.

### C. Section 3553(a) Factors

Even if Mr. Crespo's medical conditions and family circumstances offered extraordinary and compelling reasons for compassionate release, the Section 3553(a) factors would still preclude release in this case. *See Pizzo*, 2022 WL 1045235, at *3 ("Even if [the defendant] did present extraordinary and compelling reasons for release, it would be unwarranted based on the § 3553(a) factors."). When considering whether to reduce a defendant's sentence, courts look to the factors contained in 18 U.S.C. § 3553(a), which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553.

Mr. Crespo contends that the Section 3553 factors weigh in favor of release. He argues that he is not a threat to the public given he was convicted of a non-violent offense. (ECF No. 152 at 4). Mr. Crespo also asserts he is remorseful and that the time he has already spent in custody is "sufficient ... to serve the purposes of sentencing...." (*Id.*)

However, the Court agrees with the United States that the Section 3553 factors weigh against compassionate release. The nature and circumstances of Defendant's crime—conspiring to distribute large quantities of methamphetamine—weigh against early release. Given the nature of this crime and Defendant's extensive criminal record, the Court is mindful of the need for the sentence imposed to protect the public. Moreover, the Court believes that the present sentence is needed to provide just punishment and specific deterrence for Defendant; at this point, Defendant has only served approximately 65% of his sentence. (ECF No. 157 at 12–14); (ECF No. 165, Ex. 2). Last, as discussed above, the Court cannot conclude that Defendant lacks access to adequate treatment or medical care because of his incarceration. Accordingly, the Court finds that the Section 3553(a) factors weigh against release.

### D. Motions for Appointment of Counsel

There is no right to counsel for a criminal defendant seeking compassionate release under 18 U.S.C. § 3582(c). *United States v. Millhouse*, No. 20-3633, 2021 WL 3280789, at *3 n.4 (3d Cir. 2021); *United States v. Dorsey*, 520 F. Supp. 3d 681, 683–84 (E.D. Pa. 2021). "In determining whether to appoint counsel in compassionate release cases, a court must first determine whether the defendant's claim has some merit in fact and law." *United States v. Duncan*, Crim. No. 21-187, 2022 WL 1213466, at *2 n.2 (D.N.J. Apr. 22, 2022) (quoting *United States v. Gonzalez*, Crim. No. 02-446-01, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021)) (cleaned up). If meritorious, a district court has discretion to appoint counsel after considering:

> 1. [The movant's] ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the [movant] to pursue investigation; 4. the [movant's] capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Dorsey*, 520 F. Supp. 3d at 684 (citing *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993)).

For the reasons stated above, Mr. Crespo's motions for compassionate release do not have merit in fact and law. Therefore, Defendant's motions for appointment of counsel (ECF Nos. 152, 160, 161, 172) are denied. *See Millhouse*, 2021 WL 3280789, at *3 ("[G]iven that [the defendant's] motion for compassionate release lacked arguable merit, the District Court did not err in denying his motion for appointment of counsel."); *United States v. Rivera*, Crim. No. 06-849, 2022 WL 3152654, at *4 n.9 (D.N.J. Aug. 8, 2022) ("Defendant is not entitled to counsel on a compassionate release motion, and it would be a waste to appoint counsel where the motion is futile.").

## IV.    CONCLUSION

For the reasons expressed above, Defendant's Emergency Motion for Compassionate Release under the First Step Act and Appointment of Counsel (ECF No. 152), Supplemental Motion for Compassionate Release under the First Step Act (ECF No. 155), Motion for Appointment of Counsel (ECF No. 160), Emergency Supplement to Motion for Compassionate Release under the First Step Act and Appointment of Counsel (ECF No. 161), Emergency Motion for Telephonic Hearing (ECF No. 171), and Renewed Motion to Appoint Counsel (ECF No. 172) are **DENIED without prejudice**. An order follows.

Dated: 08/18/2022

ROBERT B. KUGLER
United States District Judge

15